UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
UNITED STATES OF AMERICA,

                                                      **MEMORANDUM & ORDER**

      - against -                                                 15 CR 88 (RJD)

ADAMOU DJIBO,

                Defendant.
------------------------------------------------------- x
DEARIE, District Judge

        Defendant Adamou Djibo ("Defendant" or "Djibo") was arrested on February 3, 2015, at JFK Airport and indicted on conspiracy to import heroin and related substantive charges. The Government became aware of Djibo's alleged participation in the heroin importation conspiracy after the arrest of Stanley Walden ("Walden") on January 11, 2015. At the time of his arrest, Walden was carrying 6.5 kilograms of heroin into the United States from Togo. Walden told federal agents he was smuggling the heroin on Djibo's behalf, which precipitated surveillance of Djibo and, ultimately, Djibo's arrest. When Djibo was arrested, federal agents recovered, among other things, a cellular phone containing drug trafficking messages sent to and from Walden using a phone number ending in 4429 ("the 4429 number"). The messages sent to and from the 4429 number, and the arguments counsel can make about those messages, are now at issue.

        Djibo was tried and convicted by a jury on all counts. The Second Circuit Court of Appeals vacated and remanded the district court's judgment denying Djibo's Rule 33 motion for a new trial. United States v. Djibo, 730 F. App'x 52, 56 (2d Cir. 2018). On remand, this Court granted Djibo's renewed motion for a new trial. United States v. Djibo, 2019 WL 1517086 (E.D.N.Y. Apr. 8, 2019). In advance of the retrial scheduled to begin on August 19, 2019, the Government moves *in limine* to preclude Djibo from making arguments that he did not use the

4429 number to exchange messages with Walden about their mutual drug trafficking endeavors. Gov't Mot. *in Limine*, ECF No. 248, at 7-10.

The contents of the phone associated with the 4429 number were suppressed before Djibo's first trial because, while in custody, Djibo provided federal agents with the phone's passcode without a Miranda warning. United States v. Djibo, 151 F. Supp. 3d 297, 310-11 (E.D.N.Y. 2015). However, the Government was able to introduce many of the messages through Walden's phone and the testimony of a forensic examiner. As in the first trial, the Government expects Djibo will argue during the retrial that he himself did not send Walden drug trafficking messages from the 4429 number. Gov't Mot. *in Limine*, ECF No. 248, at 8. The Government's position is that Djibo should be precluded from arguing to the jury that he did not use 4429 number and that he did not send the drug trafficking messages to Walden because "in doing so, [Djibo] would be improperly using the suppressed evidence from his phone as both a sword and a shield." Id. at 9 (citing United States v. Douglas, 525 F.3d 225, 248 (2d Cir. 2008) ("[w]hen a defendant offers an innocent explanation for his conduct, he opens the door to questioning into the truth of his testimony, and the government is entitled to attack his credibility on cross-examination" with previously suppressed evidence)).

Djibo, on the other hand, explains he has "no intention of offering perjured testimony" and "will not argue or assert that the government never found Djibo's phone or that the drug messages were not found on Mr. Djibo's phone," but nevertheless "has every right to argue...that he did not send or receive the coded messages." Def. Mot. *in Limine*, ECF No. 257, at 2. Specifically, Djibo asks the Court to allow him to make five specific arguments related to the drug trafficking messages sent to and from the 4429 number:

- The government will not be able to prove that Djibo sent the allegedly coded messages.

- The government will only show you allegedly coded messages that were recovered from Walden's phone.

- There will not be any evidence that the government recovered any of the coded messages from Djibo's phone.

- The evidence will show that someone other than Djibo must have sent the messages.

- There is no evidence that Djibo—as opposed to someone else—used the 4429 number to send the coded messages.

Id. at 2-3.

A criminal defendant cannot use the suppression of evidence as "a license to use perjury by way of defense." United States v. Havens, 446 U.S. 620, 626 (1980). In other words, an argument made possible only by the suppression of evidence, that the defendant otherwise knows to be untrue, is plainly improper. The suppression of evidence is intended to deter official misconduct, not empower a defendant to fabricate or mislead. In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 177, 196-97 (2d Cir. 2008). Instead, the truth must remain of paramount importance. Havens, 446 U.S. at 626 (stressing "the importance of arriving at the truth in criminal trials, as well as the defendant's obligation to speak the truth in response to proper questions"). Therefore, to appropriately balance "the considerable social costs of suppressing evidence of guilt against the need to deter police misconduct," United States v. Galpin, 720 F.3d 436, 448 (2d Cir. 2013), the government is precluded from using suppressed evidence "on its direct case," but that does not foreclose the possibility of introducing suppressed

3

evidence for impeachment purposes where a defendant's testimony or argument relies on suppressed evidence to evade the truth, Havens, 446 U.S. at 626.

Djibo may point to the *absence of evidence* or *lack of direct proof* that he sent the drug trafficking messages from the 4429 number in order to suggest that someone else sent the messages or otherwise establish doubt that he was the sender. However, Djibo cannot argue that the messages *do not exist* or that the messages *were never sent*. These latter arguments, and any similar arguments, rely on deception. Djibo can take issue with whether or not the Government has proven, beyond a reasonable doubt, that he sent the drug trafficking messages, but he cannot call into question (i) whether the phone or the messages on it exist, or (ii) whether he had access to the 4429 number. To do so would improperly take advantage of the suppressed evidence by way of arguments Djibo knows to be unsound.

In light of the foregoing, the Court makes the following rulings with respect to the five arguments Djibo previews in his response to the Government's motion *in limine*:

- Djibo may argue that "[t]he government will not be able to prove that Djibo sent the allegedly coded messages." See Gov't Mot. *in Limine*, ECF No. 248, at 9 ("The government does not attempt in this motion to prevent the defendant from arguing that the government did not prove…the defendant sent those messages").
- Djibo cannot argue that "[t]he government will only show you allegedly coded messages that were recovered from Walden's phone" because, though literally true, this argument suggests that the same coded messages the Government recovered from Walden's phone could not be recovered from Djibo's phone, which is untrue. Havens, 446 U.S. at 626. Djibo may, however, argue that the jury will only see or hear about the allegedly coded messages from Walden's

4

phone, because this argument refers to the extent of the Government's proof without creating misleading impressions about what the Government did or did not recover and what does or does not exist.

- Djibo cannot argue that "[t]here will not be any evidence that the government recovered any of the coded messages from Djibo's phone." As with the previous argument, this argument falsely indicates that the coded messages did not exist on Djibo's phone. Id. Djibo may argue that there will not be any evidence that he sent the coded messages from his phone, but argument relating to the recovery of the coded messages from the phone suggests that there was no phone to recover, or least no drug messages to recover, which was simply not the case.

- Djibo may argue that "[t]he evidence will show that someone other than Djibo must have sent the messages" because this argument goes to whether the government can prove beyond a reasonable doubt that Djibo sent the messages.

- Djibo may argue that "[t]here is no evidence that Djibo—as opposed to someone else—used the 4429 number to send the coded messages," because this argument again goes to the question of proof, rather than a presentation of a falsehood to the jury.

A word of caution. For the benefit and guidance of counsel, the Court has addressed five specific statements proffered by the defense. Def. Mot. *in Limine*, ECF No. 257, at 2-3. However, lest there be any misunderstanding or false assurance, the import and appropriateness of each statement, viewed in light of the legal principles articulated herein, can change with a word or phrase or rhetorical flourish. Counsel would be well advised to keep to his basic point that the jury will not hear evidence from the 4429 number directly establishing that the defendant

5

was the author of the incriminating transmissions. Any variation from this one fundamental point may require the Court to provide the Government with an opportunity to make a suitable response.

SO ORDERED.
Dated: Brooklyn, New York
      August 9, 2019

                                    s/ Raymond J. Dearie

                                    RAYMOND J. DEARIE
                                    United States District Judge