

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

WK:PP
F. #2015R00200

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 16, 2019

<u>By Hand and ECF</u>

The Honorable Raymond J. Dearie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Adamou Djibo
                <u>Criminal Docket No. 15-088 (RJD)</u>

Dear Judge Dearie:

      The government writes in response to the defendant's August 14, 2019, supplemental motion <u>in</u> <u>limine</u> ("Def. Mot.") (ECF No. 271). The defendant requests that the Court admit an audio recording sent to the defendant's co-conspirator, Stanley Walden, from his friend Lily Lukamilwa. For the reasons set forth below, the defendant's motion should be denied.

      As outlined in the government's opposition to the defendant's July 18, 2019, motion <u>in</u> <u>limine</u>, communications between Walden and Lukamilwa are not relevant and are not otherwise admissible pursuant to a hearsay exception. (<u>See</u> ECF No. 256 at 2-4). The government re-incorporates those arguments in opposition to the defendant's new motion.

      With respect to this additional audio recording, the defendant's basis for introducing the statement is not supported by the Federal Rules of Evidence. Specifically, the defendant contends that the message is not being offered for its truth ("which [is] irrelevant" according to the defendant) but to show that individuals using these types of words – about surgeries – are not using them for drug code. (<u>See</u> Def. Mot. at 1-2). The defendant attempts to describe this message as "show[ing] its effect on the listener [] Walden." (Def. Mot. at 2). But the defendant's proffered hearsay exception does not make sense. A statement offered to show its effect on the listener is used to explain why an individual then took or did not take a certain action after hearing those words. Here, by the defendant's own admission, he wishes to use this statement to show that "surgery" does not mean "drug code." That is offering this statement for its truth – that when Walden and

another individual communicated about a surgery, they meant a surgery.[1] The defendant has not proffered any action that Walden took or did not take after hearing this message and what the relevance of such action would be. See United States v. Wright, 739 F.3d 1160, 1171 (8th Cir. 2014) (statement not hearsay and only offered for its effect on listener when statement explained why the listener took a subsequent action). Accordingly, this message is inadmissible hearsay and not relevant.

The defendant's additional reason for this testimony – that Lily Lukamilwa knew about Walden's drug smuggling and that the two may have talked more openly about Walden's activities – is not relevant. Whether Lukamilwa knew that Walden was smuggling drugs and their method of communication about that smuggling has absolutely no relevance to the question for the jury of whether the defendant was involved in that smuggling operation. There is nothing in the communication about the defendant, or about his knowledge, or lack of knowledge, about heroin smuggling.

Ultimately, the defendant wishes to assert that the messages between himself and Walden about surgery, doctors, and clinics are not code for smuggling heroin. In both of his motion in limine and his supplemental motion in limine, the defendant has requested to introduce numerous hearsay and non-relevant communications between Walden and other individuals to prove the truth of the statements contained therein in an attempt to make that assertion. This is not permissible under the Federal Rules of Evidence. Accordingly, for the reasons set forth above and in the government's opposition to the defendant's original motion in limine, the defendant's motion should be denied.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/ Philip Pilmar
Philip Pilmar
Assistant U.S. Attorney
(718) 254-6106

cc:   Clerk of Court (RJD) (By ECF)
      Zachary Margulis-Ohnuma and Adam Elewa (By ECF)

---

[1] In addition, a review of the communication suggests that these messages could be about an actual surgery – in contrast to the messages between the defendant and Walden which, among other things, discuss doing a surgery on three arms or three legs.