UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

       -against-                                   **MEMORANDUM AND ORDER**

ADAMOU DJIBO,                                 Case No. 15-CR-88

                Defendant.
------------------------------------------------------------X
DEARIE, District Judge

      Defendant Adamou Djibo has served approximately 63 months of his 168-month sentence for conspiracy to import and importation of one kilogram or more of heroin, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), and 960(b)(1)(A). Mr. Djibo moves the Court to resentence him to time served followed by a term of home incarceration under 18 U.S.C. § 3582(c) due to the COVID-19 outbreak at Metropolitan Detention Center and his underlying medical conditions. See Djibo Mot., Dkt No. 312, at 1. The motion is DENIED.

      The Court assumes the parties' familiarity with Mr. Djibo's trials, post-conviction filings, and the decisions of this Court and the Second Circuit Court of Appeals. See, e.g., United States v. Djibo, No. 15-CR-00088 (RJD), 2019 WL 1517086 (E.D.N.Y. Apr. 8, 2019); United States v. Djibo, 730 F. App'x 52 (2d Cir. 2018); United States v. Djibo, No. 1:15-CR-00088 (SJ), 2017 WL 8236109 (E.D.N.Y. May 23, 2017). Mr. Djibo's direct appeal is pending. See Notice of Appeal, Dkt No. 311; United States v. Djibo, Case No. 20-429 (2d Cir.).

      "[T]he filing of a timely and effective notice of appeal from a final judgment divests the court of jurisdiction to amend or otherwise reconsider that judgment." United States v. Katsougrakis, 715 F.2d 769, 776 (2d Cir. 1983). However, Fed. R. Crim. P. 37(a)(2) provides that when "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion." In the interest

of judicial economy and pursuant to Rule 37, the Court denies the motion on the merits. See United States v. Skelos, No. 15-CR-317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020); United States v. Espinal, No. 08-CR-242 (ARR), 2020 WL 2092484, at *2 (E.D.N.Y. May 1, 2020); United States v. Martin, No. 18-CR-834-7 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

The compassionate release statute empowers the Court to reduce Mr. Djibo's term of imprisonment if four conditions are met: (1) he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"; (2) "extraordinary and compelling reasons warrant such a reduction"; (3) the factors outlined in 18 U.S.C. § 3553(a) support release; and (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

While thirty days have elapsed since Mr. Djibo requested release from the Warden, the parties dispute whether he exhausted his administrative remedies pursuant to § 3582(c)(1)(A). The Government contends that, because the BOP denied Mr. Djibo's application within thirty days, he must fully exhaust all administrative appeals. See Gov. Opp., Dkt No. 315, at 3-4. Mr. Djibo argues that, regardless of whether the BOP responds, once thirty days have elapsed from BOP's receipt of the request, exhaustion is satisfied. Def. Reply, Dkt No. 317, at 6. Because the exhaustion requirement in § 3582(c)(1)(A) is non-jurisdictional, see, e.g., United States v. Scparta, No. 18-CR-578 (AJN), 2020 WL 1910481, at *4 (S.D.N.Y. Apr. 20, 2020); United States v. Russo, No. 16-CR-441 (LJL), 2020 WL 1862294, at *4 (S.D.N.Y. Apr. 14, 2020); United States v. Haney, No. 19-CR-541 (JSR), 2020 WL 1821988, at *2-3 (S.D.N.Y. Apr. 13, 2020), and Defendant does not show "extraordinary and compelling reasons" to justify release,

see United States v. Gotti, No. 02-CR-743-7 (CM), 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020), the Court declines to decide whether exhaustion is satisfied.

Mr. Djibo argues that, coupled with COVID-19, his ███████████ ███████████████████████████████████████████ ████████████████████ create "extraordinary and compelling reasons" for release. Def. Mot. at 1. While the Court does not question that underlying medical conditions may increase one's risk of COVID-19-related complications, Mr. Djibo's conditions do not place him in any high-risk category based on current medical guidance.

Mr. Djibo provides a letter from Dr. Mariya Masyukova, a family medicine physician who reviewed Mr. Djibo's medical records and concluded that his ███████████████ ███████████████████████████ put him at increased risk for severe COVID-19 and death should he become infected." Def. Reply Ex. A, Dkt. No. 317-1, at 1, ¶ 12. Dr. Masyukova cites studies that observe that individuals with ███ and those taking certain medications may face heightened vulnerabilities; they do not go so far as to suggest that ███████████ would prove life threatening to a patient with COVID-19. Indeed, one study cited by Dr. Masyukova finds that ████████████████████████████████████████████████████████████ ████████████████████████  ████████████████████████████████████ ███████████████████████████ and "████████████████████████████████ ██████████████████████████████████████████████████."[3] That study also states that ████████████████████████████████████████████████████████." Id. But

---

[1] ███████████████████████████████████████████████████████████████.

[2] Defendant represents that ███████████████████████████, Def. Mot. at 7, which the Government disputes, Gov. Opp. at 6.

[3] ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

Defendant's April 6, 2020 and October 31, 2019 medical records indicate that ▓ is well managed and report no associated symptoms. Def. Mot. Ex. J, Dkt No. 312-1, at 2, 6. Furthermore, Guidance from ▓ suggests that ▓ does not heighten risks of COVID-19-related complications: based on current information, ▓

"▓"[4]

Mr. Djibo also cites his history of ▓ as a risk factor. Notably, Mr. Djibo's ▓. Def. Mot. Ex. J at 2, 6. Defendant and Dr. Masyukova cite a single, not-yet-peer-reviewed study to support that ▓.[5] The Court finds no significant medical evidence supporting that ▓ increases COVID-19 risks.

Finally, while the Court does not minimize Mr. Djibo's remaining medical concerns, he proffers no evidence that they "substantially diminish[ his] ability . . . to provide self-care within the environment of a correctional facility," U.S.S.G. § 1B1.13, Application n.1(A), or heighten his risk of serious illness from COVID-19.

The 18 U.S.C. § 3553(a) factors and Sentencing Commission policy statements also weigh decidedly against release. Mr. Djibo engaged in a seven-year conspiracy to import

---

[4] See ▓

[5] See ▓

4

narcotics, in relation to which 6.479 kilograms of heroin were confiscated from his drug courier at JFK Airport. See Revised PSR, Dkt No. 303, at ¶¶ 9-10. At sentencing, this Court upheld a supervisor role adjustment based on Mr. Djibo's recruitment of the drug courier and the detailed planning of the smuggling into the United States. See Sent'g Tr. 17:10-22; U.S. Prob. Dep't Revised Sent'g Rec., Dkt No. 303-1, at 1. Given Defendant's serious conduct and the Court's below-Guidelines sentence, the Court finds that early release would undermine "the need for the sentence imposed[] to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." § 3553(a)(2)(A)-(B).

For the foregoing reasons, Mr. Djibo's motion for compassionate release is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
       June 12, 2020

                                        /s/ Raymond J. Dearie
                                        RAYMOND J. DEARIE
                                        United States District Judge

5