UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

              Plaintiff,

  -against-                         **MEMORANDUM AND ORDER**
                                          Case No. 15-cr-88 (FB)

ADAMOU DJIBO,

              Defendant.
---------------------------------------------------x

*Appearances:*
*For the Government:*                        *For the Defendant:*
PHILIP PILMAR                             ADAMOU DJIBO, pro se
Assistant U.S. Attorney                   FCI La Tuna
Eastern District of New York            8500 Doniphan Rd
271 Cadman Plaza East                    Anthony, TX 79821
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Currently serving a 168-month sentence for importing more than a kilogram of heroin, pro se defendant Adamou Djibo ("Djibo") moves for release pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Djibo's motion is denied.

## BACKGROUND

Djibo is currently serving a 168-month sentence with a projected release date of May 30, 2026. After a jury trial before Judge Raymond J. Dearie, the jury convicted Djibo on August 21, 2019, of one substantive count and one conspiracy count of importing more than one kilogram of heroin.[1]

Judge Dearie sentenced Djibo to 168 months' imprisonment to run concurrently, a sentence below the Probation Department Guidelines calculation of 188 to 235 months based on a total offense level of 36. Significantly, the Probation Department's offense-level calculation relied on a two-point upward adjustment for Djibo having an "aggravating role" in the offense under § 3B1.1(c). *See* U.S.S.G. § 3B1.1(c) (role enhancement "if the defendant was an organizer, leader, manager, or supervisor in any criminal activity"). Judge Dearie determined

---

[1] After a jury initially convicted Djibo in 2016 and Judge Sterling Johnson sentenced him to 293 months of incarceration, the Second Circuit vacated the court's denial of Djibo's Rule 33 motion for a new trial, his sentence, and the Court's order of forfeiture, remanded the case, and reassigned it to a different judge. *See United States v. Djibo*, 730 F. App'x 52 (2d Cir. 2018). The court was unable to determine whether the government's disclosure to Djibo of the entire contents of a key, cooperating witness's cellphone on the eve of trial violated Djibo's *Brady* and *Giglio* rights. *Id.* at 56. Additionally, the court held that the district court abused its discretion by ignoring defense counsel's request for the use of a Swahili translator to translate hundreds of pages of cellphone material. *Id.* at 57. Finally, the court held that Djibo's sentence was procedurally unreasonable because the district court did not explain its reasons for the sentence imposed. *Id.* at 60. On remand, Judge Dearie, who received the case upon reassignment, granted Djibo's renewed motion for a new trial because "[t]he government's *Brady* violation deprived Djibo of the opportunity to mount a proper defense and otherwise make 'effective use' of thousands of pages of foreign language cell phone records produced on the eve of trial." *See United States v. Djibo*, No. 15 CR 00088 (RJD), 2019 WL 1517086 at * 10 (E.D.N.Y. Apr. 8, 2019).

that this calculation was correct.

On appeal, the Second Circuit affirmed Djibo's conviction and sentence. *See United States v. Djibo*, 850 F. App'x 52 (2d Cir. 2021). Relevant to this motion, the court concluded, "[b]ecause there was sufficient evidence in the record to support the district court's conclusion that Djibo managed Walden, the district court's sentence enhancement [for an aggravating role under § 3B1.1(c)] based on Djibo's role in the conspiracy was reasonable." *Id.* at 58.

## DISCUSSION

Djibo argues that he qualifies for a two-point reduction under Amendment 821, Part B, Subpart 1, and thus, the Court should exercise discretion to reduce his sentence. However, Djibo is not eligible for a reduction in sentence because of his upward, aggravating-role adjustment.

Section 3582(c)(2) of Title 18 provides that "where a defendant was sentenced to a term of imprisonment based on a sentencing guidelines range that was subsequently lowered by the Sentencing Commission, a court may reduce the term of imprisonment 'after considering the factors set forth in section 3553(a) . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (alteration in original) (quoting 18 U.S.C. § 3582(c)(2)).

Effective on November 1, 2023, Part B of Amendment 821 added U.S.S.G. § 4C1.1 to the United States Sentencing Commission Guidelines ("Guidelines"), which "provides a two-point offense level reduction for certain so-called 'zero-point offenders,' i.e., defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines." *United States v. Sardarova*, No. 20-CR-681 (JPC), 2024 WL 259775, at *1 (S.D.N.Y. Jan. 12, 2024). However, to qualify for a reduction in sentence under Amendment 821, a defendant must meet certain

4

criteria, including that he "did not receive an adjustment under § 3B1.1 (Aggravating Role)." *United States v. Beltre*, No. 3:16-CR-42-1 (VDO), 2024 WL 1424557, at *2 (D. Conn. Apr. 3, 2024) (citing U.S.S.G. § 4C1.1(a)(10)).

Djibo's receipt of an aggravating-role adjustment under § 3B1.1 precludes him from receiving the benefit of sentence reduction under Amendment 821. *See, e.g.*, *Beltre*, 2024 WL 1424557, at *2 (managerial role adjustment under § 3B1.1 precluded defendant from receiving sentence reduction); *United States v. Barona Astaiza*, No. 16-CR-661-2 (ARR), 2024 WL 990109, at *1 (E.D.N.Y. Mar. 7, 2024) (citing U.S.S.G. § 4C1.1(a)) (collecting cases). Because Djibo is ineligible for a sentence reduction, the Court need not weigh the factors set forth in section 3553(a) to determine whether a reduction is merited. *Beltre*, 2024 WL 1424557, at *2 (citing *United States v. Torres*, No. 06-CR-987-07 (DC), 2024 WL 621554, at *1 (S.D.N.Y. Feb. 14, 2024)).

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 26, 2024